UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
TEREZA HAKOBYAN,                              :
                                              :   **MEMORANDUM DECISION AND**
                              Plaintiff,      :   **ORDER**
                                              :
           - against -                        :   22-cv-5609 (BMC)
                                              :
MIDLAND CREDIT MANAGEMENT,                    :
INC., etc.,                                   :
                                              :
                              Defendant.      :
-------------------------------------------------------- X

**COGAN**, District Judge.

Defendant Midland Credit Management, Inc. moves to dismiss plaintiff Tereza Hakobyan's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6).  Because plaintiff's amended complaint fails to provide any factual allegations supporting her claim that she did not owe the debt that defendant sought to collect, the Court grants the motion to dismiss plaintiff's Fair Debt Collection Practices Act (FDCPA) claim and declines to exercise supplemental jurisdiction over the three remaining state claims.

## BACKGROUND

Plaintiff brings one federal cause of action under the FDCPA[1] and three state causes of action for defamation, negligence, and negligence per se.  Her amended complaint alleges that defendant attempted to collect $7,031 from plaintiff and reported that debt to several credit reporting agencies (CRAs), which caused plaintiff to be denied loan opportunities.  She further alleges that she is not liable to defendant for $7,031, that defendant is not authorized by law or agreement to collect or report that debt, and that defendant's contentions to the contrary are false.  Those facts essentially constitute plaintiff's entire story.

---

[1] Plaintiff claims that defendant's collection and reporting efforts violated Section 1692e(2), 1692e(8), and 1692f(1).

Defendant moves to dismiss the amended complaint. Defendant states that plaintiff opened an account with Capital One, accumulated $7,031 in debt, and failed to pay the account. According to defendant, Capital One subsequently charged the account off and sold it to defendant, which entitled defendant to collect the $7,031 that plaintiff previously owed Capital One and authorized it to report that debt to CRAs. Defendant also notes that it is pursuing a collection lawsuit against plaintiff in Kings County Civil Court, *Midland Credit Management, Inc. v. Tereza Hakobyan*, Case No. 020979-21, in which defendant and Capital One have submitted affidavits and other documents corroborating defendant's side of the story. Plaintiff responds that "the Court is generally prohibited from considering matters outside the pleadings," presumably referring to the record in the state collection action, but does not refute or substantively respond to defendant's claims about the debt's origin. Defendant argues that the FDCPA claim fails because the debt is legitimate, which means that defendant is legally entitled to collect it and report it to CRAs. Because plaintiff's state claims are also based on defendant's attempts to collect and report the debt, defendant contends that those claims should similarly fail and, in any event, are preempted by the Fair Credit Reporting Act.

## DISCUSSION

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). In deciding a motion to dismiss, courts must "accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007). Although the Court

must "take all of the factual allegations in the complaint as true," the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

The Second Circuit has held that because the FDCPA is a strict liability statute, "there is no need for a plaintiff to plead or prove that a debt collector's misrepresentation of a debt obligation was intentional." Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 437-38 (2d Cir. 2018). In Vangorden, plaintiff alleged that a debt letter misrepresented her debt because she had settled it five years earlier. Accepting that allegation as true, the Second Circuit held that plaintiff plausibly pleaded that the collection letter "falsely represented 'the character, amount, or legal status' of [plaintiff's] Debt in violation of § 1692e(2)." Id. at 438. And, since the debt collection letter sought payment from plaintiff, plaintiff also stated a plausible claim under Section 1692f(1) by alleging that the defendant attempted to collect debt that was not "expressly authorized by the agreement creating the debt or permitted by law." Id.

The instant complaint is not like Vangorden. Rather, complaints like plaintiff's that simply allege a debt is "not owed," without providing any additional explanation as to why the debt is not owed, fail to state a plausible claim under the FDCPA. In Ortiz v. Frontline Asset Strategies, LLC, No. 21-cv-341, 2022 WL 939771, at *2 (E.D.N.Y. March 29, 2022), the court held that the plaintiff's assertion that she did not owe a debt to the collector did "not by itself surmount her burden of pleading facts to support her FDCPA claims, because it is 'a legal conclusion, or at least a mixed allegation of law and fact, rather than a factual allegation.'" Id. at *2 (quoting Rosenberg v. Frontline Asset Strategies, LLC, 556 F. Supp. 3d 157, 161 (E.D.N.Y. 2021). The court therefore dismissed the claim, finding that it was "merely *possible* – not plausible." Ortiz, 2022 WL 939771, at *3. In Rosenberg, this Court held that the plaintiff's bare assertion that she did not owe any debt to the defendant was a conclusory statement unsupported

3

by any "factual basis for her to doubt the accuracy of defendants' representation," which was not enough to survive the motion to dismiss her FDCPA claims. Rosenberg, 556 F. Supp. 3d at 161. And in Johnson v. Hunter Warfield, Inc., No. 22-cv-122, 2022 WL 1421815 (N.D.N.Y. May 5, 2022), the court dismissed a nearly identical claim brought by a plaintiff who was represented by our plaintiff's counsel.

Plaintiff's blanket denial of debt is reminiscent of the dismissed claims in Rosenberg and Ortiz and is, unsurprisingly, the spitting image of the dismissed claims in Johnson. Neither the amended complaint nor plaintiff's opposition to this motion address (or even hazard a guess as to) how this debt arose. Plaintiff does not say whether she ever opened an account with Capital One or any other creditor and subsequently incurred debt – she is simply silent on the subject.

Of course, plaintiff is not required to plead very much at this stage to state a plausible claim under the FDCPA. If she were to allege, like the plaintiff in Vangorden or the hypothetical claimants in Rosenberg and Ortiz, that she already paid off this debt, then her complaint could survive the instant motion. Her complaint could also survive if she had alleged that Capital One's transfer of the debt to defendant was somehow improper or if defendant had mistaken plaintiff's identity. But here, where plaintiff's sole support for her theory that defendant violated the FDCPA is that defendant is "not authorized by" agreement or law to collect this debt, she has failed to state a claim on which relief can be granted. Indeed, her claim is not a factual allegation at all, but rather an unsupported legal conclusion, which the Court is not obligated to treat as true.[2] Plaintiff's FDCPA claim is therefore dismissed.

---

[2] The Court declines to consider the state court documents that defendant has submitted, as plaintiff's complaint fails even without consideration of those documents.

4

Having dismissed plaintiff's FDCPA claim on the merits at an early stage of the case, the Court declines to exercise supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367. See Makhnevich v. Bougopoulos, 650 F. Supp. 3d 8, 33 (E.D.N.Y. 2023).[3]

## CONCLUSION

Defendant's motion to dismiss is granted.  The FDCPA claims are dismissed with prejudice, and the state law claims are dismissed without prejudice to recommencement in state court.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       December 7, 2023

---

[3] The Court therefore need not address defendant's argument that these claims are preempted by the Fair Credit Reporting Act.